IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| KARL SHACKELFORD #1368700 § | |
| v. § | CIVIL ACTION NO. 6:07cv392 |
| STATE DISTRICT ATTORNEY, ET AL. § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Plaintiff Karl Shackelford, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his lawsuit, Shackelford sues "the State District Attorney, County Court No. 3, and the Baker Law Firm."  He complains of an incident in which he was arrested and convicted for driving while intoxicated, and says that he wants to bring a civil lawsuit for various constitutional violations, including the failure to give Miranda warnings, multiple punishments, excessive bond, and insufficient evidence due to the failure to give the Miranda warnings.

On August 30, 2007, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed.  The Magistrate Judge observed that under Heck v. Humphrey, 114 S.Ct. 2364 (1994), a Section 1983 plaintiff cannot recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, unless the plaintiff can show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a competent state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  In this case, the Magistrate Judge

said, Shackelford's lawsuit is a direct assault on his conviction for driving while intoxicated, but Shackelford failed to meet the Heck preconditions, and he may not seek relief under the Civil Rights Act until he does so.

Furthermore, the Magistrate Judge said, Shackelford sued the prosecutor, the county court, and the law firm which represented him. The Magistrate Judge stated that the prosecutor has immunity from lawsuits for damages, the attorney who represented him is not a state actor and thus is not amenable to suit under Section 1983, and the county court is a sub-unit of Smith County and cannot be sued in its own name, and Shackelford failed to show any basis for proceeding against Smith County under any theories of municipal liability. The Magistrate Judge therefore recommended that Shackelford's lawsuit be dismissed as frivolous.

Shackelford did not file objections to the Report of the Magistrate Judge, but he did file a motion for leave to amend his complaint. This motion appears to indicate that Shackelford wishes to proceed in habeas corpus in his lawsuit. He also says that his conviction was reversed by the Twelfth Judicial District Court of Appeals. In the interest of justice, his motion to amend will also be construed as incorporating objections to the Report of the Magistrate Judge.

Shackelford's proposed amendment would serve no purpose because he has already filed a habeas corpus petition concerning this same conviction, which is currently pending before this Court. *See* Shackelford v. Director, TDCJ-CID, docket no, 6:07cv336 (E.D.Tex.). In this petition, Shackelford argues, as he does in this case, that his conviction was reversed by the Court of Appeals; however, the documents which he furnished show that in fact, his conviction was affirmed by that Court. The on-line records of the Court of Appeals also confirm that Shackelford's conviction was affirmed. *See* http://www.12thcoa.courts.state.tx.us/opinions/event.asp?EventID=209136. The present lawsuit cannot be converted into a habeas corpus petition because Shackelford already has a habeas corpus petition pending in this Court. To the extent that his request to amend his complaint may be read as objections, these are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original complaint, the Report of the Magistrate Judge, the Plaintiff's motion to amend his complaint which has been construed as objections to the Report, and all pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Plaintiff are without merit.  It is accordingly

ORDERED that the Plaintiff's objections, contained within his request to amend his complaint, are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous.  The dismissal of this action shall have no effect upon the Plaintiff's right to challenge his sentence through any lawful means, nor shall it affect the Plaintiff's right to seek damages against proper party defendants at such time as the Heck preconditions are met.  Finally, it is

ORDERED that any and all other motions which may be pending in this action, specifically including the motion for leave to amend the complaint filed on September 19, 2007, are hereby DENIED.

**SIGNED this 5th day of October, 2007.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE